# IN THE SUPREME COURT OF THE STATE OF NEVADA

A LA QUINTA LLC,, INDIVIDUALLY, AND ON BEHALF OF ALL SIMILARLY SITUATED,
Appellant,
vs.
US BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR MASTR ASSET BACKED SECURITIES TRUST 2006-WMC4, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-WMC4,
Respondent.

No. 70430

**FILED**

APR 14 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK



## *ORDER OF REVERSAL AND REMAND*

This is an appeal from a district court summary judgment in a quiet title action. Eighth Judicial District Court, Clark County; Jerry A. Wiese, Judge.

In granting summary judgment, the district court determined that NRS 116.3116(6) (2013)[1] compelled summary judgment in favor of respondent because the Cortez Heights Homeowners Association (HOA) foreclosed on the property more than three years after it recorded delinquent assessment lien notices. That determination is inconsistent with our opinion in *Saticoy Bay LLC Series 2021 Gray Eagle Way v. JPMorgan Chase Bank, N.A.*, 133 Nev., Adv. Op. 3, 388 P.3d 226 (2017). NRS 116.3116(6) provided that "[a] lien for unpaid assessments is extinguished unless proceedings to enforce the lien are instituted within 3

---

[1]The 2015 Legislature amended NRS 116.3116(6) and renumbered it as NRS 116.3116(10). 2015 Nev. Stat., ch. 266, § 1, at 1334-35; S.B. 306, 78th Leg. (Nev. 2015). This appeal is governed by the pre-amendment version of NRS 116.3116(6).

SUPREME COURT
OF
NEVADA

(O) 1947A

17-12340

years after the full amount of the assessments becomes due." In *Saticoy Bay*, we held that "a party has instituted 'proceedings to enforce the lien' for purposes of NRS 116.3116(6) when it provides the notice of delinquent assessment" under NRS 116.31162(1)(a). 133 Nev., Adv. Op. 3, 388 P.3d at 231. Thus, the fact that the HOA did not complete the foreclosure of its lien until more than three years after initiating proceedings to enforce the lien does not render the foreclosure sale void. *Id.* at 232 ("NRS 116.3116(6) does not operate as a statute of limitations, but instead determines the expiration of past due assessments."). Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:     Hon. Jerry A. Wiese, District Judge
        Janet Trost, Settlement Judge
        The Wright Law Group
        Smith Larsen & Wixom
        Eighth District Court Clerk